**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT ALLEN BAUTISTA,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** 3:25-cv-435 |
| | § | |
| **AT&T, INC.,** | § | |
| | § | |
| ***Defendant*.** | § | |

**DEFENDANT AT&T, INC.'S NOTICE OF REMOVAL**

Defendant AT&T, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, Federal Rule of Civil Procedure 81, and Northern District of Texas Local Rule 81.1, removing the civil action styled *Robert Allen Bautista v. AT&T, Inc.*, Cause No. DC-24-18869, from the District Court of Dallas County, Texas, 193rd Judicial District (the "State Court Action") to the United States District Court for the Northern District of Texas.

The United States District Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. As grounds for removal of this action, Defendant states as follows:

## I. STATEMENT OF THE CASE

1. Plaintiff Robert Allen Bautista initiated the State Court Action on October 25, 2024, with the filing of Plaintiff's Original Petition (the "Petition"). According to the Petition, Plaintiff's claims arise out of a transaction with Defendant on or about July 1, 2024. Petition ¶ 6a. Plaintiff asserts that Defendant

"made material misrepresentations regarding a negotiable instrument, falsely representing it as secured and valid under the original terms while fraudulently altering the instrument with an unauthorized allonge," among others. *Id*.

2. Plaintiff asserts claims for "securities fraud" and "deprivation of rights." Petition ¶¶ 7–8. Plaintiff seeks the following recovery against Defendant: actual damages of $75,000; restitution for payments made under the allegedly fraudulent negotiable instrument of $1,053.11; statutory damages; punitive damages; and fees and costs. *Id*. at 3–4.

3. A jury demand was made by Plaintiff in the State Court Action. Petition ¶ 10.

4. On November 25, 2024, a "return of service for AT&T, Inc." was filed in the State Court Action, purporting to effectuate service of process of the Petition on Defendant at the following address: 1108 Lavaca St., Ste. 110-549, Austin, Texas 78701. Ex. C (purported affidavit of service). But this service was not proper, as Defendant maintains a registered agent at the following address: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Plaintiff did not request, and the 193rd District Court did not grant, permission to serve Defendant via substitute service under Texas Rule of Civil Procedure 106. Thus, Plaintiff's attempted service via the Austin address was improper.

5. As of the date of this filing, Defendant has not been properly served with the Petition and no affidavit of service for Defendant's registered agent is

on file in the State Court Action. Defendant thus files this Notice of Removal prior to its answer deadline in the State Court Action.

## II. GROUNDS FOR REMOVAL

### A. Timeliness of Removal.

6. On October 25, 2024, Plaintiff filed the State Court Action. To date, Defendant has not been served with service of process through its registered agent. Thus, this Notice of Removal is timely filed prior to the thirty day deadline after service of process is effectuated. *See* 28 U.S.C. § 1446(b)(1).

### B. This Court has Federal Question Jurisdiction and Supplemental Jurisdiction over Plaintiff's Claims.

7. Removal of this action is proper under 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. A federal question exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). The "arising-under" provision for federal question jurisdiction is invoked "by and large by plaintiffs pleading a cause of action created by

federal law." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Generally, courts look to the face of a complaint to determine the existence of federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may not defeat removal by artfully crafting his complaint to omit pleading necessary federal questions. *See Franchise Tax Bd.*, 463 U.S. at 22. This Court has federal question jurisdiction over Plaintiff's claims because on the face of the Petition, they arise under the laws of the United States.

9. Plaintiff's two[1] causes of action against Defendant are for "securities fraud" and "deprivation of rights." Petition ¶¶ 7–8. Plaintiff alleges that Defendant "violated the Texas Securities Act and Section 10(b) of the Securities Exchange Act of 1934." *Id*. ¶ 7. Plaintiff also alleges that Defendant's actions "resulted in a deprivation of Plaintiff's rights" (presumably under 42 U.S.C. § 1983). *Id*. ¶ 8.

10. The Securities and Exchange Act of 1934 is a federal law codified in 15 U.S.C. § 78 *et seq*., over which federal courts have exclusive jurisdiction. 15 U.S.C. § 78aa (2009). Civil actions for deprivation of rights exist under 42 U.S.C. § 1983. *See Hall v. City of Alexandria*, 111 F. Supp. 2d 785, 777–78 (W.D. La. 2000) (holding court had federal question jurisdiction over case where deprivation of

[1] The "Causes of Action" section of Plaintiff's Petition only lists "securities fraud" and "deprivation of rights." Petition ¶¶ 7–8. However, in the "factual background" section, Plaintiff alleges that Defendant violated 18 U.S.C. § 1581, the Fair Credit Reporting Act under 15 U.S.C. § 1681b, and the Fair and Accurate Credit Transactions Act under 15 U.S.C. § 1681(c). Petition ¶ 6(e)–(g). To the extent Plaintiff's Petition is liberally construed to contain such allegations as additional causes of action, these too arise under federal law, over which this Court has original federal question jurisdiction.

rights under 42 U.S.C § 1983 was not explicitly alleged but was the true basis of the plaintiff's causes of action). Thus, on the face of Plaintiff's petition, Plaintiff has pleaded causes of action created by federal law over which this Court has original federal question jurisdiction.

11. Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367. Because this Court has federal jurisdiction over Plaintiff's federal securities and deprivation of rights claims, it has supplemental jurisdiction over Plaintiff's state law Texas Securities Act claim. In light of the foregoing, this Court has federal question jurisdiction over this case under 28 U.S.C. §§ 1331 and 1441(a) and has supplemental jurisdiction over the Texas Securities Act claim under 28 U.S.C. § 1367(a).

**C. Venue, Consent, and Written Notice.**

12. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

13. In accordance with 28 U.S.C. § 1441(a), this matter is being removed to the U.S. District Court for the Northern District of Texas, Dallas Division, because this Court is the court for the district and division embracing the place where the State Court Action has been pending, *i.e.*, Dallas County, Texas. Defendant, through filing this Notice of Removal, consents to removal to this Court.

14. Contemporaneous with the filing of this Notice of Removal, written notice of the filing of this Notice has been delivered to all parties who have appeared in this action, and a copy of this Notice will be filed promptly with the Clerk of the Court of the District Court of Dallas County, Texas.

## III. STATE COURT PLEADINGS

15. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents are attached as Exhibits A – D:

(A) An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

(B) A copy of the docket sheet in the state court action;

(C) Each document filed in the state court action, except discovery material; and

(D) A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

## IV. CONCLUSION

Defendant AT&T, Inc. respectfully requests that this Notice of Removal be filed, this Court assume full jurisdiction of this cause, and that further proceedings in the 193rd District Court of Dallas County, Texas, be stayed, and for such other and further relief to which it may be justly entitled.

Dated: February 21, 2025

Respectfully submitted,

*/s/ Maeghan Whitehead*
**Maeghan Whitehead**
Texas Bar No. 24075270
**Zoe Stendara**
Texas Bar No. 24122986
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7100
mewhitehead@ktslaw.com
zstendara@ktslaw.com

*Counsel for Defendant AT&T, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document using the Court's CM/ECF system on this 21st day of February 2025. Service on all parties accomplished using the Court's CM/ECF system, in addition to being mailed via FedEx to Plaintiff Robert Bautista at the following:

Robert Allen Bautista
P.O. Box 131385
Dallas, Texas 75313

*/s/ Maeghan Whitehead*
Maeghan Whitehead