**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT ALLEN BAUTISTA,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-cv-00435-K-BN** |
| | § | |
| **AT&T, INC.,** | § | |
| | § | |
| ***Defendant*.** | § | |

**DEFENDANT AT&T, INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER RULES 12(B)(5) AND 12(B)(6)**

Defendant AT&T, Inc. files this motion to dismiss Plaintiff Robert Allen Bautista's Original Petition (Dkt. 1-3 at 2–9) under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and shows as follows.

## I. INTRODUCTION

1. Plaintiff filed his Original Petition (the "Petition") in the 193rd District Court, Dallas County (the "State Court Action"), on October 25, 2024. DKt. 1-2 at 2. In the 126 days following his filing of the Petition, Plaintiff has failed to serve Defendant with the Petition. Additionally, the Petition fails to adequately state a claim against Defendant and should be dismissed with prejudice.

## II. BACKGROUND

### A. Facts as Alleged in Plaintiff's Petition.

2. On July 1, 2024, Plaintiff alleges he entered into a "negotiable instrument" with Defendant under which Plaintiff was required to make

payments. Dkt. 1-3 at 3. Plaintiff alleges that Defendant, "without Plaintiff's knowledge or consent," subsequently changed the negotiable instrument's "terms and obligations." *Id*. Defendant allegedly "fraudulently misrepresented" the terms of the "negotiable instrument," resulting in Defendant "falsely representing it as secured and valid." Plaintiff gives no further details about the purported "negotiable instrument," aside from seeking "restitution for all payments made under" it—which total "$1,053.11." *Id*. at 4.

3. Based on these conclusory allegations, Plaintiff[1] brings the following causes of action against Defendant: "Securities Fraud" under the Securities and Exchange Act of 1934 and the Texas Securities Act, and "Deprivation of Rights" (presumably under 42 U.S.C. § 1983). Dkt. 1-3 at 3–4.[2]

**B. Procedural History.**

4. On November 25, 2024, a "return of service for AT&T, Inc." was filed in the State Court Action, purporting to effectuate service of process of the Petition on Defendant at the following address: 1108 Lavaca St., Ste. 110-549, Austin, Texas 78701 (the Texas Secretary of State). Dkt. 1-3 at 41. But this service was not proper, as Defendant maintains a registered agent at the following

[1] Plaintiff recently filed lawsuits with similar deficient pleadings in this Court. *See Bautista v. Capital One Financial Corp., et al.* (Civil Action No. 3:24-cv-03010-N-BT), *Bautista v. Santander, et al.* (Civil Action No. 3:24-cv-02935-K-BN), *Bautista v. Gexa Energy, LP, et al.* (Civil Action No. 3:24-cv-2920), and *Bautista v. Price Water House Coopers LLP* (Civil Action No. 3:2024-cv-02593-D).

[2] The "Causes of Action" section of the Petition only lists these two causes of action. However, in the "Factual Background" section, Plaintiff alleges that Defendant violated 18 U.S.C. § 1581, the Fair Credit Reporting Act under 15 U.S.C. § 1681b, and the Fair and Accurate Credit Transactions Act under 15 U.S.C. § 1681(c). Dkt. 1-3 at 3. To the extent Plaintiff's Petition is liberally construed to contain such allegations as additional causes of action, Defendant addresses them out of an abundance of caution.

address: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. A copy of Defendant's publicly available filing with the Texas Secretary of State reflecting its registered agent address is attached hereto as Exhibit 1.[3] Plaintiff did not request, and the 193rd District Court did not grant, permission to serve Defendant via substitute service under Texas Rule of Civil Procedure 106.

5. On February 19, 2025, Defendant received a "Notice of Hearing" for the State Court Action via mail to its legal department's administrative front desk. This was the first filing it received in connection with Plaintiff's case. The next day, on February 20, 2025, Defendant accessed the State Court Action docket online and pulled the Petition. Thus, February 20, 2025 is the date Defendant received a copy of the Petition. This motion to dismiss is timely, as it is being filed within 21 days of receiving the Petition (although not through proper service of process). *See* Fed. R. Civ. P. 81(c)(2).

6. On February 21, 2025, Defendant removed the State Court Action to this Court. Dkt. 1.

## III. ARGUMENT AND AUTHORITIES

### A. Legal standards.

7. Rule 12(b)(5) provides for dismissal of a claim if service of process

[3] Defendant requests that the Court take judicial notice of Exhibit 1, its public filing with the Texas Secretary of State. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (judicially noticing public records contained on Mississippi's and Virginia's Secretary of State websites); *Balderas v. Nguyen*, No. 3:19-cv-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020) (judicially noticing public records contained on Texas Secretary of State website for purposes of determining sufficiency of service of process); *Pridgin v. Safety-Kleen Corp.*, No. 3:21-cv-00720-K, 2021 WL 5964630, at *2 (N.D. Tex. Dec. 16, 2021) (judicially noticing public record contained on Texas Secretary of State website in support of motion to dismiss).

was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner. Fed. R. Civ. P. 12(b)(5). Once the validity of service of process has been contested, plaintiff bears the burden of establishing its validity. *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 F. App'x 383, 384 (5th Cir. 2016). In removed actions, the sufficiency of service of process is determined by state law. *Clarksdale v. Bellsouth Telecomms., Inc.*, 428 F.3d 206, 210–11 (5th Cir. 2005). Texas law provides that service of process on a corporation can be made through its president, vice president, or registered agent. Tex. Bus. Orgs. Code §§ 5.201(a), (b), 5.255(1).

8. To survive a Rule 12 motion to dismiss, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint cannot merely state as a bare conclusion that there is a legal violation. *Ashcroft v. Iqbal*, 550 U.S. 662, 678–79 (2009); *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the

pleader is entitled to relief." *Iqbal*, 550 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is appropriate where it appears beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

9. Plaintiff is a *pro se* litigant. A *pro se* litigant must follow the same procedural rules governing all litigants. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (*pro se* litigants must comply with the rules of service); *Knoop v. Douglas*, No. 2:09-cv-0148, 2010 WL 4007752, at *4 (N.D. Tex. Oct. 12, 2010); *see also Christian v. Dallas*, 64 F. Supp. 2d 617, 623 (N.D. Tex. 1999). "[A] pro se plaintiff is not excused from [his] 'obligation to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure.'" *Boswell v. Hon. Gov. of Tex.*, 138 F. Supp. 2d 782, 785 (N.D. Tex. Sep. 19, 2000).

**B. The Court should dismiss Plaintiff's Petition for failure to serve Defendant with service of process.**

10. Under Texas law, Plaintiff must prove that Defendant (1) was amenable to service and (2) was served in a manner in keeping with Texas's service rules. *BHTT Entm't, Inc. v. Brickhouse Cafe & Lounge, L.L.C.*, 858 F.3d 310, 315 (5th Cir. 2017). A corporation may be served through its president, vice president, or registered agent. Tex. Bus. Orgs. Code §§ 5.201(a), (b), 5.255(1). Here, Plaintiff failed to serve the Petition on Defendant's president, vice president, or registered agent, rendering his service attempts at other addresses improper.

11. Plaintiff's attempt to serve Defendant via substitute service on the Texas Secretary of State was improper. To obtain substitute service, Plaintiff was required to file a motion, supported by a notarized statement under the penalty of perjury, requesting same. Tex. R. Civ. P. 106(b). Plaintiff failed to seek, and the 193rd District Court did not grant, permission to serve Defendant via substitute service. Thus, the purported Affidavit of Service on file in the State Court Action (Dkt. 1-3 at 41) did not constitute service of process on Defendant. Plaintiff's Petition should therefore be dismissed. *See Obinyan v. Prime Therapeutics LLC*, No. 3:18-CV-0933-D, 2019 WL 266877, at *1 (N.D. Tex. Jan. 18, 2019) (dismissing *pro se* complaint for insufficient service of process); *Titan Global Holdings, Inc. v. Evan*, No. 3:08-CV-0085-N, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008) (granting motion to dismiss for insufficient service of process after removal); *see Russell v. Gray*, No. 2:15–CV–106–KS–MTP, 2015 WL 9258731, at *2 (S.D. Miss. Dec. 14, 2015) (same).

**C. The Court should dismiss Plaintiff's Petition for failure to state a claim against Defendant.**

**1. Plaintiff's Petition is an impermissible shotgun pleading.**

12. The Petition should be dismissed in its entirety because it is an impermissible shotgun pleading. A "shotgun" complaint is "subject to dismissal under Rule 12(b)(6) because 'asserting claims in this manner – that is, by merely attaching a label and/or legal conclusion to no facts unique to [each] claim – or, at best, threadbare unique facts – is not sufficient to state a claim that is plausible on its face.'" *Moreno v. Ethicon Inc.*, No. 4:20-cv-04372, 2022 WL

831548, at *1 (S.D. Tex. Mar. 17, 2022) (quoting *Moore v. Carrington Mortg. Servs. LLC*, No. 3:17-cv-3132-G-BN, 2018 WL 3853711, at *4 (N.D. Tex. Jul. 17, 2018)). A "one-size-fits-all-form complaint" that is not personalized plainly qualifies as a shotgun pleading. *Moreno*, 2022 WL 831548, at *1. Shotgun pleadings are disfavored in this Circuit, as they include "irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Martinez v. Nueces Cnty., Tex.*, No. 2:13-cv-178, 2013 WL 6190519, at *4 (S.D. Tex. Nov. 26, 2013).

13. The Petition is a quintessential shotgun pleading because it meshes "claims" with vague, incomplete facts and fails to clearly state each essential element of its purported claims—much less any factual information in support of such claims. *See* generally Dkt. 1-2 at 2–5. Plaintiff's Petition should be dismissed.

**2. Plaintiff fails to allege fraud with particularity under Rule 9(b).**

14. Further, when fraud is alleged, Federal Rule of Civil Procedure 9(b) mandates that the party must state with particularity the circumstances constituting fraud, and demands the inclusion of the "who, what, when, where, and how." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F3d 719, 724 (5th Cir. 2003). Here, Plaintiff's Petition contains several allegations of "fraud" but no other details. The Petition is devoid of any information as to who made any allegedly fraudulent representations, what those representations were, when

they were made, where they were made, and how they were made. Plaintiff's Petition should be dismissed.

15. In sum, Plaintiff's Petition contains only conclusory legalese with no supporting factual allegations. Applying the *Iqbal* standard, after removing all conclusory allegations and legal conclusions, nothing of Plaintiff's Petition is left but the parties' names and a demand for "$1,053.11." As such, Defendant cannot reasonably understand why and on what basis it is being sued. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Plaintiff's Petition fails to plausibly suggest entitlement to any relief against Defendant.

**D. The Court should dismiss Plaintiff's Petition because any amendment would be futile.**

16. In this case, Plaintiff had the opportunity to amend his Petition per the deadlines set forth in the Court's Standing Order on Motions to Dismiss Under Rule 12(b)(6) (Dkt. 9). Plaintiff chose not to do so.

17. At this juncture, any request to file an amended complaint is futile. An amended complaint is futile if it fails to state a claim upon which relief may be granted under Rule 12(b)(6). *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014).

18. Defendant AT&T, Inc. is a holding company that has no relationship with Plaintiff, contractual or otherwise. Thus, Plaintiff's Petition fails to state a claim against Defendant and any amendment would be futile because AT&T Inc. is a holding company and has no relationship with Plaintiff. *See Whitfield v.*

*Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *3 (W.D. Tex. April 9, 2024) (slip copy) (holding amendment would be futile and dismissing *pro se* complaint with prejudice). The Court should grant Defendant's motion to dismiss Plaintiff's Petition under Rules 12(b)(5) and 12(b)(6) with prejudice.

## IV. CONCLUSION

Defendant AT&T, Inc. respectfully requests that the Court grant this motion to dismiss Plaintiff's claims, dismiss Plaintiff's claims with prejudice, and for such other and further relief to which it may be justly entitled.

Dated: March 27, 2025

Respectfully submitted,

/s/ ______________________

**Maeghan Whitehead**
Texas Bar No. 24075270
**Zoe Stendara**
Texas Bar No. 24122986
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7100
mewhitehead@ktslaw.com
zstendara@ktslaw.com

*Counsel for Defendant AT&T, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that I complied with the Court's Standing Order on Motions to Dismiss Under Rule 12(b)(6) (Dkt. 9) by informing Plaintiff of the basis of an anticipated motion and discussing the proposed deficiencies in the challenged pleading and by sending the written letter described in the Standing Order on March 11, 2025, the day the conference took place. Plaintiff did not timely file (1) an advisory or (2) an amended pleading as set forth in the Standing Order and in Defendant's letter.

*/s/ Maeghan Whitehead*
Maeghan Whitehead

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document using the Court's CM/ECF system on this 27th day of March 2025. Service on all parties accomplished using the Court's CM/ECF system.

*/s/ Maeghan Whitehead*
Maeghan Whitehead