IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT ALLEN BAUTISTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 3:25-cv-00435-K-BT |
| AT&T, INC., § | |
| § | |
| Defendant. § | |

# **ORDER**

Before the Court is Defendant's Motion to Dismiss under Rules 12(b)(5) and 12(b)(6) (ECF No. 17). Plaintiff filed a Response (ECF No. 19), and Defendant filed a Reply (ECF No. 21). Plaintiff's response states that he "is willing to take appropriate steps to remedy any potential service deficiencies" and further requests that he be given an opportunity to amend his petition in response to Defendant's arguments that he fails to state a claim. Pl. Resp. 5–7. The Court liberally construes Plaintiff's response as a motion for leave to amend under Rule 15(a)(2). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal proceedings drafted by lawyers"). Rule 15(a)(2) requires that the court "freely give leave when justice so requires." Because Plaintiff has not yet amended his complaint, the Court GRANTS his motion for leave and ORDERS Plaintiff to file an Amended Complaint by **July 10, 2025**. *See Washington v. JP Morgan Chase Bank, N.A.*, 2019 WL 587289, at *8–9 (N.D. Tex. Jan. 18, 2019) (Horan, J.) (evaluating a request to

amend the complaint under Rule 15(a)(2) despite the plaintiff's failure to follow the Court's standing order), *adopted by*, 2019 WL 586048 (N.D. Tex. Feb. 12, 2019). The Court further TERMINATES AS MOOT Defendant's Motion to Dismiss.

Because Plaintiff is proceeding *pro se*, he is responsible for properly serving the Defendant with a summons and copy of his amended complaint in accordance with Federal Rule of Civil Procedure 4. The Court advises Plaintiff that Federal Rule of Civil Procedure 4(h) provides that serving a corporation, partnership, or association in a judicial district of the United States can be done by (A) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4(e)(1). The Court also advises Plaintiff that Rule 4(d) explains that a plaintiff may request that a corporation defendant waive service if the plaintiff follows Rule 4(d)'s requirements. Thus, the Court ORDERS that Plaintiff properly serve Defendant or request a waiver of service on or before **July 10, 2025**.

**SO ORDERED.**

June 10, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2