IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT ALLEN BAUTISTA™, ET AL.,**
Plaintiff,

v.

**AT&T INC.,**
Defendant.

Civil Action No. 3:25-cv-00435-K-BT

FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, ROBERT ALLEN BAUTISTA™, by and through undersigned counsel, and files this First Amended Complaint against Defendant AT&T INC., and respectfully shows the Court the following:

## I. PARTIES

1. **ROBERT ALLEN BAUTISTA™** is a private registered entity, legal person, and secured commercial title, distinct from the natural living man. It is a separate juridical entity created for the administration of commercial interests, property rights, and trust-held claims. This entity is the principal party in interest in this matter and is lawfully represented through authorized agency and attorney-in-fact.

2. **Bautista, Robert-Allen / Agent** is a natural living man, acting strictly in the capacity of agent and fiduciary representative for the legal person ROBERT ALLEN BAUTISTA™. He is a Free Man of the Union and lawfully empowered to bring forth this claim on behalf of the principal. This role is distinct and legally separate from both the principal and the attorney-in-fact.

3. **Robert Allen Bautista / Attorney-in-Fact** is also a separate and distinct legal person and capacity, acting under express powers of attorney granted by and for the benefit of the principal, ROBERT ALLEN BAUTISTA™. The Attorney-in-Fact operates in a commercial and fiduciary role and must be identified independently to preserve the lawful distinction between agency, principalship, and power of attorney.

4. All three parties—**ROBERT ALLEN BAUTISTA™** (Entity Principal), **Bautista, Robert-Allen / Agent** (Natural Man), and **Robert Allen Bautista / Attorney-in-Fact** (Legal Representative)—are separate and distinct persons recognized under the law. Their joinder is necessary and proper under the alter ego doctrine, agency law, and commercial representation principles. While distinct in law and capacity, they are lawfully intertwined in fact and interest for the purposes of asserting the claims in this action and preserving the full scope of rights and remedies due.

5. All previous filings submitted under any variation of these names, including "Bautista, Robert-Allen / Agent," were made in good faith under lawful agency authority, power of attorney, and private mandate to preserve standing, protect trust property, and assert commercial claims on behalf of the legal person principal.

6. Defendant **AT&T INC.** is a publicly traded telecommunications corporation headquartered in Dallas, Texas, and may be served through its counsel of record:

- Maeghan Whitehead
  Kilpatrick Townsend & Stockton LLP
  2001 Ross Avenue, Suite 4400, Dallas, TX 75201
  Phone: (214) 922-7138 | Fax: (214) 279-4456
  ATTORNEY TO BE NOTICED | LEAD ATTORNEY

- Zoe Phelps Stendara
  Kilpatrick Townsend & Stockton LLP
  2001 Ross Avenue, Suite 4400, Dallas, TX 75201
  Phone: (214) 922-7115
  ATTORNEY TO BE NOTICED

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff brings claims under federal statutes, including the Securities Exchange Act and the Federal Reserve Act. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this District and the events giving rise to the claim occurred here.

## III. FACTUAL BACKGROUND

9. On several occasions including October 1, 2024, October 26, 2024, and November 16, 2024, Plaintiff, acting as principal, lawfully remitted bills of exchange and negotiable instruments to Defendant AT&T INC. and its authorized agents.

10. Defendant, through said agents, accepted these instruments without protest, endorsement, or dishonor, thereby constituting acceptance of lawful payment under 31 CFR § 328.6, which governs endorsement and remittance requirements of government obligations.

11. Notwithstanding said acceptance, Defendant failed and refused to credit Plaintiff's account or discharge the associated obligations, constituting wrongful dishonor and material breach.

12. Defendant's conduct constitutes perloining of negotiable instruments, fraudulent conversion, and securities fraud by refusing to recognize legal tender presented in proper form and by failing to execute accounting in accordance with industry, statutory, and fiduciary obligations.

13. Plaintiff formally instructed Defendant on the nature and lawful value of these instruments and submitted all required documentation; however, Defendant knowingly ignored or concealed said instructions.

14. Plaintiff further invokes the holding of *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22 (1913), which states, "The party bringing the suit is master to decide what law he will rely upon." Plaintiff relies on federal statutes, and jurisdiction cannot be defeated by denial of the merits. The Court is mandated to decide the matter.

15. Plaintiff's claims are further supported by long-established legal doctrines governing the discharge of contracts, including but not limited to:

- Payment
- Accord and satisfaction
- Set-off
- Extinguishment
- Bankruptcy
- Defeasance
- Confusion of debtor/creditor roles
- Lapse of time and non-performance
- Neglect to sue by the surety
- Rescission or release

These doctrines are cited from *Bouvier's Law Dictionary* (1856) and form the foundation for recognizing lawful discharge of obligations.

16. Under the monetary structure defined by federal banking policy, "money is issued to the banks in return for Government obligations, bills of exchange, drafts, notes, trade acceptances, and banker's acceptances." The instruments Plaintiff presented fall within this framework and are backed by the full credit of the Nation.

## IV. CLAIMS FOR RELIEF

**COUNT 1: SECURITIES FRAUD**

(15 U.S.C. § 78j(b), Rule 10b-5)

17. Defendant engaged in a scheme to defraud Plaintiff by misrepresenting or omitting material facts concerning the nature, application, and effect of negotiable instruments presented.

18. Defendant's failure to credit Plaintiff's account after accepting said instruments constitutes a material misrepresentation and intentional breach.

19. Plaintiff relied on Defendant's actions to his detriment and suffered injury as a direct result.

**COUNT 2: CONVERSION AND PERLOINING OF NEGOTIABLE INSTRUMENTS**

20. Plaintiff realleges the facts stated above.

21. Defendant wrongfully exercised dominion and control over property (negotiable instruments) belonging to Plaintiff without consent or justification.

22. Plaintiff demands recovery of the value of all instruments submitted and damages resulting from the loss of use of those instruments.

**COUNT 3: VIOLATION OF THE FEDERAL RESERVE ACT**

(Civil Money Penalties under Tier 3)

23. Plaintiff realleges the facts stated above.

24. Defendant has violated federal banking laws, including those under the Federal Reserve Act, by obstructing the lawful application of financial instruments remitted under proper form.

25. Defendant is liable under Tier 3 for penalties of one million dollars ($1,000,000) per day beginning July 1, 2024.

26. As of February 6, 2025, 221 days have passed, totaling $221,000,000 in penalties. Additional penalties continue to accrue daily.

## V. DAMAGES

27. Plaintiff seeks the following relief:

- Restitution: $1,053.11 for coerced or fraudulent payments.
- Actual Damages: $75,000 for financial loss, reputational harm, and emotional distress.
- Punitive Damages: $225,000 (3x actual damages).
- Civil Penalties: At least $221,000,000 as of February 6, 2025.
- Attorney's Fees and Court Costs
- Pre- and Post-Judgment Interest at 5 percent per annum.

## VII. JOINDER OF PARTIES

28. **ROBERT ALLEN BAUTISTA™** is and has always been the real party in interest and principal in all matters related to this action.

29. **Bautista, Robert-Allen / Agent**, is the duly authorized agent of the principal and appears strictly in his representative and fiduciary capacity to act on behalf of ROBERT ALLEN BAUTISTA™ for the purpose of asserting, protecting, and preserving the rights of the principal in this proceeding.

30. **Robert Allen Bautista / Attorney-in-Fact** is a separate legal capacity, formally recognized under agency, power of attorney, and trust doctrine. This role must be listed independently to reflect the valid separation of capacities and duties under applicable law.

31. These parties—**ROBERT ALLEN BAUTISTA™** (Principal), **Bautista, Robert-Allen / Agent**, and **Robert Allen Bautista / Attorney-in-Fact**—operate in distinct capacities under the law. Each capacity represents a specific legal, commercial, or trust-related function. While separate in form, they are effectively intertwined in fact and in interest for purposes of standing, representation, and preservation of lawful claims.

32. The joinder of all three parties is necessary and proper to ensure full legal clarity, due process, and equitable treatment under the alter ego doctrine, agency law, and applicable federal rules. No confusion should exist as to the standing or representation of the parties,

    as each entity functions in support of and under authority from the principal party of interest: ROBERT ALLEN BAUTISTA™.

33. All previous filings bearing name variations (e.g., "Bautista, Robert-Allen / Agent") were made to preserve legal continuity, protect agency rights, invoke lawful fiduciary capacity, and safeguard registered property and trust-based interests held for the benefit of the principal.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendant AT&T INC., and award:

1. Restitution in the amount of $1,053.11
2. Actual damages of $75,000
3. Punitive damages of $225,000
4. Civil penalties of no less than $221,000,000 under Tier 3
5. Reasonable attorney's fees and costs
6. Pre- and post-judgment interest
7. Such other relief as the Court may deem just and proper

Respectfully submitted,

Dated: July 10, 2025

WITHOUT RECOURSE<br>
WITHOUT PREJUDICE<br>
FOR: ROBERT ALLEN BAUTISTA™<br>
BY: /s/ Bautista, Robert-Allen / Agent<br>
-------------------------------<br>
Robert Allen Bautista / Attorney-In-Fact