IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00435-E-BT |
| | § | |
| AT&T, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action is pro se Plaintiff Robert Allen Bautista's Amended Complaint, which asserts various claims purportedly arising under the federal banking laws, the Securities Exchange Act of 1934, and the Federal Reserve Act, *see generally* Am. Compl. (ECF No. 25), and Defendant AT&T, Inc.'s motion to dismiss the Amended Complaint, *see* Mot. Dismiss (ECF No. 27). For the reasons stated, the District Judge should **GRANT** Defendant's motion and **DISMISS** the Amended Complaint with prejudice.

**Background**

In his Amended Complaint, Plaintiff alleges that he "remitted bills of exchange and negotiable instruments" to Defendant and its agents; that Defendant accepted these instruments "without protest, endorsement, or dishonor"; and that Defendant failed and refused to credit Plaintiff's account or discharge the

associated obligations. *See* Am. Compl. at 3. And he alleges that Defendant's conduct constitutes "perloining [sic] of negotiable instruments, fraudulent conversion, and securities fraud by refusing to recognize legal tender presented in proper form and by failing to execute accounting in accordance with industry, statutory, and fiduciary obligations." *Id.* Plaintiff asserts claims for securities fraud under 15 U.S.C. § 78j(b) and Rule 10b-5, conversion and purloining of negotiable instruments, and violations of the Federal Reserve Act. *Id.* at 4-5.

As to "Securities Fraud," Plaintiff alleges that:

- Defendant engaged in a scheme to defraud Plaintiff by misrepresenting or omitting material facts concerning the nature, application and effect of negotiable instruments presented.

- Defendant's failure to credit Plaintiff's account after accepting said instruments constitutes a material misrepresentation and intentional breach.

- Plaintiff relied on Defendant's actions to his detriment and suffered injury as a direct result.

Am. Compl. at 4.

As to his claims for "Conversion and Perloining [sic] of Negotiable Instruments," Plaintiff alleges that:

- Defendant wrongfully exercised dominion and control over property (negotiable instruments) belonging to Plaintiff without consent or justification.

- Defendant's conduct results in Plaintiffs [sic] recovery of the value of all instruments submitted and damages resulting from the loss of use of those instruments.

*See id.*

With respect to his claim for "Violations of the Federal Reserve Act," Plaintiff alleges that:

- Defendant has violated federal banking laws, including those under the Federal Reserve Act, by obstructing the lawful application of financial instruments remitted under proper form.

- Defendant is liable under Tier 3 for penalties.

*See id.*

Defendant moved to dismiss Plaintiff's First Amended Complaint for failure to state a valid claim. Mot. Dismiss. Plaintiff did not respond. After reviewing the Amended Complaint and the applicable law, the undersigned finds that Plaintiff has failed to state a claim.

**Legal Standards**

Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require detailed factual allegations, but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings "to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Courts considering Rule 12(b)(6) motions generally hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations

omitted) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe pro se filings liberally," courts "still require pro se parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Thus, a pro se plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted).

The Court liberally construes Plaintiff's Amended Complaint with all possible deference due a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But such liberal treatment does not require a court to "create causes of action where there are none." *Gonzalez v. Int'l Med. Devices, Inc.*, 787 F. Supp. 3d 776, 784 (W.D. Tex. 2025). And pro se status does not provide an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Even so, generally, a district court may not dismiss a pro se complaint for failure to state a claim under 12(b)(6) without giving the plaintiff a chance to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Requirements for Pleading Fraud and Securities Fraud

Federal Rule of Civil Procedure 9 requires a heightened level of pleading for fraud claims, and plaintiffs alleging fraud must plead with particularity. *See* Fed. R. Civ. P. 9(b); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir.

2008). This requires "the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey*, 540 F.3d at 339 (quoting *ABC Arbitrage Plaintiffs Grp v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (internal quotation marks omitted) (quoting *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Under Rule 9(b), "allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001) (quoting *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993)). General allegations lumping all defendants together that fail to segregate the alleged wrongdoings of one from those of another fail to meet the requirements of Rule 9(b). *Id.* Additionally, state-law fraud claims are subject to the pleading requirements of 9(b). *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997).

Because § 10(b) claims under the Securities and Exchange Act are fraud claims, the pleading requirements of the Private Securities Litigation Reform Act of 1995 (PSLRA) incorporates the standard for pleading fraud under Rule 9(b). *See* 15 U.S.C. § 78u-4(b)(1); Fed. R. Civ. P. 9(b). According to the PSLRA,

> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on

> information and belief, the complaint shall state with particularity all facts on which the belief is formed.

15 U.S.C. § 78u-4(b)(1). The PSLRA goes further than Rule 9(b), though, and "enhances the particularity requirements" for pleading federal securities fraud claims. *Dorsey*, 540 F.3d at 339. A plaintiff alleging federal securities fraud must therefore "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.* (citing 15 U.S.C. § 78u–4(b)(1)). Finally, to satisfy Rule 9(b) and the PSLRA, a plaintiff must plead facts and avoid reliance on conclusory allegations. *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## Analysis

A. <u>Plaintiff fails to plausibly allege a securities fraud claim against Defendant.</u>

As noted, Federal Rule of Civil Procedure 9 requires a heightened level of pleading for fraud claims, and plaintiffs alleging fraud must plead with particularity. *See* Fed. R. Civ. P. 9(b); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). This requires "the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey*, 540 F.3d at 339.

Here, Plaintiff fails to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *See Dorsey*, 540 F.3d at 339. Indeed, his

allegations are wholly conclusory. *Tuchman*, 14 F.3d at 1067. Thus, Plaintiff's securities fraud claim fails to meet the pleading standards under Rule 9(b), and they should be dismissed.

Plaintiff's allegations also do not satisfy the heightened pleading requirements of the PSLRA. The Amended Complaint fails to specify any statement alleged to have been misleading or the reasons why the statement was misleading. 15 U.S.C. § 78u-4(b)(1). Plaintiff's allegation that Defendant's failure to credit his account constituted a "material misrepresentation" is a legal conclusion unsupported by particularized facts. *See* Am. Compl. at 4. Accordingly, Plaintiff's allegations fail to state a plausible Section 10(b) claim.

B. Plaintiff fails to state a claim for "Conversion and Perloining [sic] of Negotiable Instruments."

Even construed liberally, Plaintiff's allegations regarding "perloining [sic] of negotiable instruments" fail to state a plausible claim for relief. First, to the extent this claim also asserts fraud on the part of Defendant, it fails to meet the requirements of Rule 9(b). *See* Fed. R. Civ. P. 9; *See also Dorsey*, 540 F.3d at 339 (a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent").

Second, these allegations are wholly conclusory and devoid of factual support. *Cf. Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiff alleges only that "Defendants conduct constitutes perloining [sic] of negotiable instruments . . . by refusing to recognize legal tender presented in proper form and by failing to execute accounting in accordance with industry, statutory, and fiduciary obligations." Am. Compl. at 3. These allegations do not permit the Court to infer more than a mere possibility of misconduct by Defendant with respect to any alleged violations. *See Iqbal*, 556 U.S. at 678. Accordingly, the District Judge should dismiss this claim under 12(b)(6).

C. Plaintiff fails to state a claim for any violations of the Federal Reserve Act.

Although Plaintiff does not expressly address which laws under the Federal Reserve Act of 1913 they claim Defendant to have violated, the Court liberally construes Plaintiff's allegations as attempting to assert a cause of action. *See* Am. Compl. at 4. That said, Section 29 of the Federal Reserve Act, which allows the government to collect civil penalties from banks for violating the Federal Reserve Act, does not provide a private right of action. *Ritchie v. Chan,* 2024 WL 270108, at *2 (S.D. Cal. Jan. 23, 2024) (citing case).

As much as Plaintiff is alleging a fraud claim, Rule 9(b) requires more specificity. *See Dorsey*, 540 F.3d at 339. Plaintiff's conclusory allegations are no more than "unadorned" accusations devoid of the factual support required to survive a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The District Judge should dismiss this claim under 12(b)(6).

D. <u>The District Judge should not grant leave to amend.</u>

Generally, a court must grant a pro se plaintiff leave to amend before dismissing a complaint with prejudice under 12(b)(6), unless the plaintiff has already had an opportunity to plead his best case, or where leave to amend would be futile. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, Plaintiff has already amended his complaint once. And, he amended after Defendant filed its original motion to dismiss (ECF No. 17), which advised Plaintiff of the deficiencies, including his failure to allege fraud with particularity under Rule 9(b). Plaintiff also did not respond to Defendant's motion and has not asserted that he can cure the deficiencies identified. Thus, the Court should find Plaintiff has had an opportunity to plead his best case.

Moreover, amendment would be futile because the deficiencies identified above are not merely technical pleading deficiencies. Plaintiff has not identified a cognizable private cause of action under the Federal Reserve Act provisions on which he relies, and his securities-fraud theory does not identify an actionable securities transaction or any particular false or misleading statement. Thus, amendment based on the theories asserted in the Amended Complaint would not cure the defects.

And, as the undersigned has previously observed, Plaintiff is "a familiar litigant in the Northern District of Texas" having filed several other lawsuits under similar legal theories. *See, e.g.*, *Bautista v. Cap. One Fin. Corp*, No. 3:24-CV5-

03010-N-BT, 2025 WL 2412932, at *7 (N.D. Tex. July 25, 2025) (Rutherford, J.), *rec. adopted*, 2025 WL 2410350 (N.D. Tex. Aug. 19, 2025) (Boyle, J.); *Bautista v. Santander Consumer USA et al.*, No. 3:24-cv-02935-K-BN; *Bautista v. Gexa Energy LP*, No. 3:24-cv-02920-E-BT; *Bautista v. Price Water House Coopers LLP*, No. 3:24-cv-02593-D. Although Plaintiff does not explicitly identify himself as such, the Amended Complaint is replete with language commonly used by adherents to the so-called "sovereign-citizen" movement. *See generally* Am. Compl. at 1. Plaintiff's claims are the types of claims which have been rejected by countless federal courts as frivolous. *See Harrison v. Iriarte*, 2024 WL 4360626, at *10 (N.D. Miss. Aug. 6, 2024) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous."), *adopted by,* 2024 WL 4363236 (N.D. Miss. Sept. 30, 2024) (internal citations omitted).

## Recommendation

For the reasons stated, the District Judge should **GRANT** Defendants' Motion to Dismiss (ECF No. 27) and **DISMISS** the Amended Complaint with prejudice.

**SO RECOMMENDED**.

September 3, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).